IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SUSAN OAKES-LIVINGSTON,[1] | § | |
| | § | No. 498, 2016 |
| Respondent Below- | § | |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| KEVIN LIVINGSTON, | § | File No. CN14-01301 |
| | § | Petition No. 16-06736 |
| Petitioner Below- | § | |
| Appellee. | § | |

Submitted: February 24, 2017
Decided: May 3, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### ORDER

This 3rd day of May 2017, upon consideration of the opening brief and the record on appeal, it appears to the Court that:

(1)    The appellant, Susan Oakes-Livingston ("Mother"), filed this appeal from a judgment of the Family Court dated September 7, 2016. The Family Court's order granted Kevin Livingston's ("Father") petition to modify custody in part to permit Father alternate weekend visitation with the parties' son. The trial court denied Father's request for sole custody and primary residential custody but stated that it would reconsider Father's request if Mother failed to cooperate with the visitation schedule.

---

[1] The Court assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2) A hearing on Father's petition was held in the Family Court on August 16, 2016 and a follow-up hearing was held on September 7, 2016. In filing her notice of appeal, Mother stated that a transcript of that hearing was not needed for the appeal. Thus, this Court has no record of either hearing that was held in the Family Court. In her opening brief on appeal, Mother raises several issues related to child support and property division that were not at issue in the custody modification proceedings. With respect to the custody modification, Mother contends that Father gave false testimony and that the Family Court did not consider the evidence Mother presented regarding Father's abusive conduct toward her.

(3) The Supreme Court Rules state that the appellant is required to provide the Court with "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred [as well as] a transcript of all evidence relevant to the challenged finding or conclusion."[2] Even an appellant who is *pro se* and is permitted to proceed *in forma pauperis* on appeal is required to make his or her own financial arrangements to obtain the necessary transcripts.[3]

---

[2] Del. Supr. Ct. R. 14(e); *see also Mahan v. Mahan*, 2007 WL 1850905 (Del. June 28, 2007) (*citing Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987)).

[3] *Mahan v. Mahan*, 2007 WL 1850905 (Del. June 28, 2007).

2

(4)     In this case, Mother has not provided the Court with any portion of the transcript of the Family Court hearing on Father's motion. Her attempt to supplement the record on appeal by submitting documentation that was not part of the Family Court record below is inappropriate and cannot be considered by the Court on appeal.[4] Accordingly, the Court has no adequate basis upon which to review Mother's summary claims of error regarding the Family Court's judgment in this case.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[4] *Delaware Elec. Co-op., Inc. v. Duphily*, 703 A.2d 1202, 1207 (Del. 1997) (holding that material not found in the trial court record forms no part of the record on appeal).

3